# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ANTHONY SAMUEL DILLARD,

    Plaintiff,

v.

RYAN SHERER, M.D., *et al.,*

    Defendants.

Case No. 3:24-cv-00198-SLG

## **ORDER OF DISMISSAL & NOTICE OF STRIKE**

On September 9, 2024, self-represented prisoner Anthony Samuel Dillard ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, a financial statement, and a letter.[1] Plaintiff alleges Defendants denied him adequate medical care in violation of his rights under the Eighth Amendment.[2] The Court has now screened the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. The Court finds Plaintiff has failed to adequately state a claim for which relief may be granted. The Court also finds the Complaint to be frivolous and that amendment would be futile. Therefore, the Court will not grant Plaintiff leave to file an amended complaint and dismisses this case with prejudice.

---

[1] Dockets 1-5.

[2] Docket 1.

This dismissal counts as a strike under the 28 U.S.C. § 1915(g). The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" if his case is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[3] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[4] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that he "is under imminent danger of serious physical injury" at the time of filing his complaint.[5] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[6] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[7] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[8]

---

[3] 28 U.S.C.A. § 1915(g).

[4] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[5] 28 U.S.C. § 1915(g).

[6] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up).

[7] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[8] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus requirement between the alleged imminent danger and the violations of law alleged in the complaint for imminent danger exception to the PLRA three-strikes provision).

Case No. 3:24-cv-00198-SLG, *Dillard v. Sherer, et al.*
Order of Dismissal & Notice of Strike
Page 2 of 12
Case 3:24-cv-00198-SLG     Document 6     Filed 01/21/25     Page 2 of 12

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[9] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[10]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[11] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[12] Further, a court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim.[13] Although the scope of review generally is limited to the contents of the complaint,

---

[9] 28 U.S.C. §§ 1915, 1915A.

[10] 28 U.S.C. § 1915(e)(2)(B).

[11] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[12] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[13] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Case No. 3:24-cv-00198-SLG, *Dillard v. Sherer, et al.*
Order of Dismissal & Notice of Strike
Page 3 of 12
Case 3:24-cv-00198-SLG   Document 6   Filed 01/21/25   Page 3 of 12

a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[14] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[15]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[16] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[17]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[18] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me

---

[14] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[15] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

[16] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[17] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[18] Fed. R. Civ. P. 8(a)(2).

Case No. 3:24-cv-00198-SLG, *Dillard v. Sherer, et al.*
Order of Dismissal & Notice of Strike
Page 4 of 12
Case 3:24-cv-00198-SLG   Document 6   Filed 01/21/25   Page 4 of 12

accusation[s]" are insufficient to state a claim.[19] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[20] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between that specific injury and the conduct of that defendant.[22]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[23] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[24] To be deprived of a right,

---

[19] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

[21] *Ashcroft*, 556 U.S. at 678.

[22] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[23] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[24] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S.

Case No. 3:24-cv-00198-SLG, *Dillard v. Sherer, et al.*
Order of Dismissal & Notice of Strike
Page 5 of 12
Case 3:24-cv-00198-SLG   Document 6   Filed 01/21/25   Page 5 of 12

the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[25] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[26]

### III. Claims for Inadequate Medical Care

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." This includes the right to receive adequate medical care. To prevail on such claim, a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements:

(1) the plaintiff faced a serious medical need;

(2) the defendant was deliberately indifferent to that serious medical need: that is, the defendant knew of the plaintiff's serious medical need and disregarded it by failing to take reasonable measures to address it; and

(3) the defendant's act or failure to act caused harm to the plaintiff.[27]

---

299, 326 (1941)).

[25] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[26] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[27] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.27 and the cases cited therein.

Case No. 3:24-cv-00198-SLG, *Dillard v. Sherer, et al.*
Order of Dismissal & Notice of Strike
Page 6 of 12
Case 3:24-cv-00198-SLG    Document 6    Filed 01/21/25    Page 6 of 12

An Eighth Amendment claim based on deliberate indifference must satisfy both an objective and a subjective component test.[28] In other words, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[29]

Plaintiff claims on or about February 13, 2024—after having a knee replacement surgery—he was discharged from the Alaska Regional Hospital and returned back to the Spring Creek DOC facility, where he was assigned to a cell in the medical segregation housing unit.[30] Plaintiff brings claims for violations of his right to adequate medical care against eight individuals employed by DOC. Specifically, in Claim 1, Plaintiff alleges on or about February 13, 2024, Officer Allen violated his right to medical care when Officer Allen ignored Plaintiff's request to see a nurse and covered his cell window with plastic.[31] At some point that same day, Nurse Jay Jones must have seen Plaintiff, because in Claim 2, Plaintiff alleges on or about February 13, 2024, Nurse Jones violated Plaintiff's right to medical care when the nurse refused to assist Plaintiff with "the Polar car[e] cube" leaving him in pain all night.[32] In Claim 3, Plaintiff alleges that on or about February 14,

---

[28] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

[29] *Cortez v. Skol,* 776 F.3d 1046, 1050 (9th Cir. 2015).

[30] Docket 1 at 5.

[31] Docket 1 at 5.

[32] Docket 1 at 6. *See also* The Polar Care Cube Cold Therapy System, https://www.breg.com/products/cold-therapy/devices/cube-cold-therapy/, last visited 10/23/2024.

Case No. 3:24-cv-00198-SLG, *Dillard v. Sherer, et al.*
Order of Dismissal & Notice of Strike
Page 7 of 12
Case 3:24-cv-00198-SLG   Document 6   Filed 01/21/25   Page 7 of 12

2024, Nurse Theresa Sherer violated his right to adequate medical care when she stood in the doorway of his cell and "started shouting at [him] about paperwork…from the nurse at the Alaska Regional Hospital."[33] Plaintiff claims Nurse Sherer "started to get real emotional" and alleges she was harassing and insulting him.[34] Plaintiff also claims he asked her about his medication, but Nurse Sherer allegedly slammed the door and walked away instead of responding to him.[35] In Claim 4, Plaintiff claims on or about February 15, 2024, he spoke to Nurse Supervisor Lela Denton about the harassment he was experiencing from staff members, but she became upset with him and "added to" the harassment.[36] In Claim 5, Plaintiff alleges Dr. Ryan Sherer violated his right to receive adequate medical care on February 15, 2024. Plaintiff claims that on that day, Dr. Sherer yelled at him, intended to insult him, judged him, and harassed him.[37] In Claim 6, Plaintiff alleges Officer Johnson violated his right to receive adequate medical care on February 15, 2024, when he refused to let Plaintiff take a shower or use the phone "on his watch."[38] In Claim 7, Plaintiff alleges Officer Threatts violated his right to receive adequate medical care on February 15, 2024, by also refusing to

---

[33] Docket 1 at 7.

[34] Docket 1 at 7.

[35] Docket 1 at 7.

[36] Docket 1 at 8.

[37] Docket 1 at 9.

[38] Docket 1 at 10.

Case No. 3:24-cv-00198-SLG, *Dillard v. Sherer, et al.*
Order of Dismissal & Notice of Strike
Page 8 of 12
Case 3:24-cv-00198-SLG   Document 6   Filed 01/21/25   Page 8 of 12

allow Plaintiff to shower.[39] In Claim 8, Plaintiff claims he requested "something that could help or support" his knee, pain medication, and "something for inflammation," but Provider Leslie Ramos violated his right to receive adequate medical care on or about March 19, 2024, by only giving him Tylenol and showing no interest in his recovery.[40]

With the Complaint, Plaintiff also filed over 90 pages of records from DOC.[41] Although the scope of a federal court's review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[42] It is not the Court's responsibility to review filings or exhibits to identify possible claims. However, documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[43]

The allegations in the Complaint and the information contained in the attached documents demonstrate that Plaintiff received constitutionally adequate medical attention. And Plaintiff has not alleged any significant injury that was deliberately not treated by prison officials. Although Plaintiff may not have received

---

[39] Docket 1 at 11.

[40] Docket 1 at 12.

[41] *See* Docket 1-1 (45 pages) and Docket 1-2 (48 pages).

[42] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[43] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

Case No. 3:24-cv-00198-SLG, *Dillard v. Sherer, et al.*
Order of Dismissal & Notice of Strike
Page 9 of 12
Case 3:24-cv-00198-SLG   Document 6   Filed 01/21/25   Page 9 of 12

the level of care he desired, the Eighth Amendment does "not require the highest quality of health care, the community standard of health care, or the most pleasant accommodations possible."[44] Additionally, allegations of verbal harassment by correctional officers simply fail to state a constitutional claim cognizable under Section 1983.[45]

Despite Plaintiff's allegations that he was only given Tylenol, the records that Plaintiff attached to his Complaint demonstrate that he was initially prescribed oxycodone, then acetaminophen, naproxen, and meloxicam, and later prescribed a mix of Tylenol and Codeine. Plaintiff was also given an antibiotic.[46] Additionally, Plaintiff was prescribed ice and was expected to operate the polar care medical equipment himself.[47] Plaintiff was seen by a physical therapist. His request for a

---

[44] *Jensen v. Shinn,* 609 F. Supp. 3d 789, 796 (D. Ariz. 2022).

[45] *See, e.g., Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard are not enough to implicate the Eighth Amendment); *Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim).

[46] *See, e.g.,* Docket 1-1 at 9 ("Meloxicam has been ordered in addition to the Tylenol for the pain. It will also help with the inflammation."); Docket 1-1 at 15 ("You have ice, tylenol, and meloxicam available to you as needed for pain. You have upcoming appointments with orthopedics."); Docket 1-2 at 12 ("Continue the acetaminophen and the naproxen for pain. The oxycodone pain med will end when you leave the infirmary. You will continue on duricef antibiotic for another 7 days total after today."); Docket 1-2 at 30 ("After your appointment on 3/5 with Ortho, you were prescribed more pain medication and one of which helps with inflammation. Currently you are prescribed T3 which is a mix of Tylenol and Codeine. All of this should help with the pain until you are seen by Ortho next.").

[47] *See, e.g.,* Docket 1-1 at 7 (ordering "an ice pack Three times a day if needed for knee pain and swelling x 5 days"); Docket 1-1 at 41 ("The medical equipment you are referring to is your polar care. Before anyone leaves the hospital with one of these, they are taught how to use them. This is because when you go home, you are expected to

Case No. 3:24-cv-00198-SLG, *Dillard v. Sherer, et al.*
Order of Dismissal & Notice of Strike
Page 10 of 12
Case 3:24-cv-00198-SLG   Document 6   Filed 01/21/25   Page 10 of 12

wheelchair was denied because he needed to "keep moving [his] knee."[48] Although Plaintiff claims he was admitted back to the Alaska Regional Hospital twice because his right leg "got so bad," on March 3, 2024 and March 22, 2024,[49] the records suggest those appointments were prescheduled follow-up appointments and not due to any unexpected decline in his condition or further injury.[50] Finally, Plaintiff's claims that his requests for assistance or medical care were ignored are belied by the records. For example, after investigating Plaintiff's complaints that he was ignored by staff on his first night back at DOC, Lieutenant Callaway wrote a memorandum stating that the camera footage for that night showed Officer Allen speaking with Plaintiff five times, and Nurse Bryant and Nurse Jones speaking with Plaintiff 13 times.[51] Further, DOC staff responded to numerous requests and grievances Plaintiff filed regarding his care.[52] For these reasons, the Court finds Plaintiff's claims to be frivolous and will not accord Plaintiff leave to file an amended complaint.[53]

---

know how to operate it. Nurse JayJay saw you operate the machine at one point. Her responsibility with the machine was to get you ice when needed, not turn the machine on/off, or put it on your knee for you.").

[48] Docket 1-1 at 9 ("A wheelchair is not recommended because you need to keep moving that knee.")

[49] Docket 1 at 12.

[50] Docket 1-2 at 12 (noting Plaintiff was scheduled for "follow up with Ortho twice in March").

[51] Docket 1-1 at 29.

[52] *See generally* Dockets 1-1 and 1-2.

[53] *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action

Case No. 3:24-cv-00198-SLG, *Dillard v. Sherer, et al.*
Order of Dismissal & Notice of Strike
Page 11 of 12
Case 3:24-cv-00198-SLG    Document 6    Filed 01/21/25    Page 11 of 12

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court finds amendment would be futile.

2. This case is **DISMISSED with prejudice as frivolous.**

3. All pending motions are **DENIED as moot.**

4. This dismissal counts as a **STRIKE** under 28 U.S.C. § 1915(g).

5. Once a plaintiff accumulates three strikes, he is prohibited from filing any future claims in federal court without paying the full filing fee, unless he can demonstrate he is facing "imminent danger of serious physical injury" at the time he files his complaint "that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by a favorable judicial outcome.[54]

6. The Clerk shall issue a final judgment and close this case.

DATED this 21st day of January 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

and so no reason to grant leave to amend.").

[54] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022).

Case No. 3:24-cv-00198-SLG, *Dillard v. Sherer, et al.*
Order of Dismissal & Notice of Strike
Page 12 of 12
Case 3:24-cv-00198-SLG    Document 6    Filed 01/21/25    Page 12 of 12